**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| The Standard Fire Insurance Company as subrogee of Stacey Malitz, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| vs. | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| Amazon.com, Inc. | ) ) |
| and | ) ) |
| ABC Corporation | |
| Defendants. | |

## COMPLAINT

Plaintiff The Standard Fire Insurance Company a/s/o Stacey Malitz, by and through its undersigned attorneys, hereby avers the following by way of Complaint against Defendant:

## PARTIES

1.      Plaintiff The Standard Fire Insurance Company (hereinafter "Standard"), is an insurance company incorporated under the laws of Connecticut with its principal place of business located at 1 Tower Square Hartford, Connecticut 06183 and is licensed to do business and sell insurance policies in Connecticut.

2.      Standard insured, Stacey Malitz (hereinafter "Malitz"), is the owner of the residence located at 51 Cliffmore Road. West Hartford, CT 06107 (hereinafter "the Residence"). At all relevant times, Standard had in force and effect a policy of insurance issued to Malitz, that provided insurance at the Residence.

3.      At all times material hereto, Defendant Amazon.com, Inc. (hereinafter "Amazon") is a Delaware corporation with its principal place of business located at 410 Terry

1

Avenue North, Seattle, Washington.  Its registered agent for service of process in the State of Washington is Corporation Service Company, 300 Deschutes Way SW Ste. 208 MC-CSC1, Tumwater, WA, 98501, United States.

4.      At all times material hereto, Defendant ABC Corporation (hereinafter "ABC") is an unknown corporation with its principal place of business unknown.

5.      At all times material hereto, Amazon sold, distributed and/or placed into the steam of commerce a Zeyxinh branded V7 vacuum replacement battery (hereinafter "Battery").

6.      At all times material hereto, ABC designed, manufactured and sold lithium-ion battery cells which were incorporated, sold, distributed and/or placed into the steam of commerce as a Zeyxinh branded V7 vacuum replacement battery (hereinafter "Battery").

7.      As such Amazon and ABC are "product sellers" within the meaning of the Connecticut Products Liability Act, Connecticut General Statutes § 52-572m et seq.

## JURISDICTION AND VENUE

8.      Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the acts and omissions that gave rise to this matter took place in this jurisdiction.

## FACTS

10.      At all times relevant, Malitz purchased the Battery from Amazon on May 2, 2024.

11.      That on or about May 4, 2024, Malitz was charging her Dyson vacuum cleaner with the newly purchased Battery.

2

12.     That while the Dyson vacuum cleaner was charging with the newly purchased Battery, the lithium-ion battery cells exploded, ignited and the Battery caught fire and caused significant damage to the Residence.

13.     That upon information and belief, this was the first time that Malitz used the Battery to charge the Dyson vacuum cleaner.

14.     As a result of the fire, Malitz made claims to Standard pursuant to their policy of insurance, and Standard issued payments for those claims in an amount in excess of $75,000.00. As such, Standard is legally, equitably and contractually subrogated to the rights and claims of Malitz.

## COUNT I – PRODUCTS LIABILITY - AMAZON

15.     Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

16.     Amazon sold and/or distributed the Battery into the stream of commerce in a dangerous and defective condition.

17.     The Battery was not altered, modified, changed, misused and/or abused by Malitz and/or other users of this product at the Residence.

18.     Amazon is strictly liable and legally responsible to Standard for the damages caused by the fire by virtue of Connecticut General Statutes § 52-572m et seq. in one or more of the following respects:

    a.     the Battery was in a defective and unreasonably dangerous condition;

    b.     Amazon sold the Battery in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

    c.     Amazon sold the Battery in a condition that was neither merchantable nor fit for the purpose for which such products were ordinarily and foreseeably used;

3

d.  Amazon failed to provide proper instructions on use and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the Battery;

e.  Amazon failed to warn of the fire risks that it knew or reasonably should have known regarding the Battery;

f.  Amazon breached the implied warranty of merchantability in that the Battery was not merchantable for its intended purpose.

19.  As a direct and proximate result of Amazon's liability pursuant to Connecticut General Statutes § 52-572m, the fire occurred resulting in damage in excess of $75,000 to the Residence.

## COUNT II – NEGLIGENCE - AMAZON

20.  Standard realleges paragraphs 1 through 19 as though fully set forth herein.

21.  That at all relevant times, Amazon owed a duty to exercise reasonable care in monitoring its customer reviews for comments that indicate dangerous propensities of the Battery.

22.  That Amazon owed a duty of care to ensure that the Battery was of adequate safety and quality.

23.  That Amazon had notice and knowledge of the propensity of the Battery to cause fires before Malitz purchased the Battery.

24.  That Amazon breached its duty of care by failing to remove the Battery from its platform after having such notice and knowledge.

25.  That Amazon also breached its duty of care by putting a defective and unsafe product into the stream of commerce.

26.  That this breach was a direct and proximate cause of the fire that resulted in Traveler's damages exceeding $75,000.

4

## COUNT III – PRODUCTS LIABILITY - ABC

27.     Plaintiff realleges paragraphs 1 through 26 as though fully set forth herein.

28.     ABC designed, manufactured, inspected, sold and/or distributed the lithium-ion battery cells (incorporated into the Battery) into the stream of commerce in a dangerous and defective condition.

29.     Neither the lithium-ion battery cells nor Battery were altered, modified, changed, misused and/or abused by Malitz and/or other users of this product at the Residence.

30.     ABC is strictly liable and legally responsible to Standard for the damages caused by the fire by virtue of Connecticut General Statutes § 52-572m et seq. in one or more of the following respects:

a.      The lithium-ion battery cells deviated from their intended design, and were defective when they left ABC's control, and the defect caused harm once integrated into the final product, the Battery, rendering it defective and in an unreasonably dangerous condition;

b.      the lithium-ion battery cells design was unreasonably dangerous, even when properly integrated into the final product, and a feasible safer alternative existed. As such ABC sold the lithium-ion battery cells in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

c.      ABC sold the lithium-ion battery cells in a condition that was neither merchantable nor fit for the purpose for which such products were ordinarily and foreseeably used;

d.      ABC failed to provide proper instructions on use and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the lithium-ion battery cells as integrated into the Battery;

e.      ABC failed to warn of the fire risks that it knew or reasonably should have known regarding the lithium-ion battery cells and their integration inot the Battery;

f.      ABC breached the implied warranty of merchantability in that the lithium-ion battery cells were not merchantable for thier intended purpose.

31.     As a direct and proximate result of ABC's liability pursuant to Connecticut General Statutes § 52-572m, the fire occurred resulting in damage in excess of $75,000 to the Residence.

## COUNT IV – NEGLIGENCE - ABC

32.     Standard realleges paragraphs 1 through 31 as though fully set forth herein.

33.     That at all relevant times, ABC owed a duty to exercise reasonable care in designing, manufacturing, instructing, warning, marketing and selling its lithium-ion battery cells individually and as incorporated into the Battery.

34.     That ABC owed a duty of care to ensure that the lithium-ion battery cells were of adequate safety and quality, individually and as incorporated into the Battery.

35.     That ABC knew or should have known of the propensity of its lithium-ion battery cells to cause fires before Malitz purchased the Battery.

36.     That ABC breached its duty of care by failing to: design, manufacture, test, inspect, engage in proper quality control and act otherwise, so as to prevent its lithium-ion battery cells from igniting, exploding and causing fires

37.     That ABC breached its duty of care by failing to: warn of the dangerous hazards of its lithium-ion battery cells and by failing to communicate such hazards to the final assembler of the Battery and failing to communicate such hazards to the consumer.

38.     That ABC also breached its duty of care by putting a defective and unsafe product into the stream of commerce.

39.     That this breach was a direct and proximate cause of the fire that resulted in Traveler's damages exceeding $75,000.

WHEREFORE Plaintiff Standard demands trial by Jury and judgment for damages against Defendants Amazon and ABC, jointly and severally, together with interest, costs of suit, attorneys' fees and other such and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: April 24, 2026

/s/ Diana D. O'Hara
Diana D. O'Hara, Bar Id# 30968
Murphy Sanchez, PLLC
1661 Worcester Rd., Ste 204
Framingham, MA 01701
(508) 834-4353
dohara@murphysanchez.com

7